IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:15CV63 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL/MIKE HEAVICAN, | ) | |
| Chief Judge NeBRASKKK Supreme | ) | |
| KKKort, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Billy Tyler ("Plaintiff") filed his Complaint in this case on February 20, 2015. (Filing No. 1.) The court has granted him leave to proceed in forma pauperis. (*See* Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff named Chief Justice Mike Heavican of the Nebraska Supreme Court as the sole defendant. Plaintiff's Complaint consists of, at best, nonsensical and nearly-illegible statements regarding a case against Plaintiff in the Nebraska Supreme Court. The court can discern from the documents attached to the Complaint that, on February 13, 2015, Chief Justice Heavican ordered Plaintiff to show cause within 14 days why he should not be held in contempt of the court for his willful disobedience of an order of civil injunction issued by the Supreme Court on April 19, 2012. The Supreme Court's order of civil injunction enjoined Plaintiff from engaging in the unauthorized practice of law. (*See* Filing No. 1 at CM/ECF pp. 5-6.) In this case, Plaintiff seeks an order "quashing" the Nebraska Supreme Court's order to show cause. (*Id.* at CM/ECF p. 3.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders,* 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian,* 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state

law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

There is a question as to whether Plaintiff's Complaint presents a live issue. Article III of the Constitution limits federal court jurisdiction to "cases" and "controversies." A case becomes "moot," thus ending jurisdiction, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)) (citations omitted).

The relief sought by Plaintiff is an order "quashing" the Nebraska Supreme Court's order to show cause dated February 13, 2015. The order required Plaintiff to show cause within 14 days. Plaintiff filed his Complaint in this case on February 20, 2015, but did not file his Motion for Leave to Proceed in Forma Pauperis until March 9, 2015, well after the expiration of the 14 days. (*See* Filing No. 4 (ordering Plaintiff to submit the $400.00 filing and administrative fees or file a motion for leave to proceed in forma pauperis).) From the face of the Complaint, and the documents attached to the Complaint, it appears the time in which Plaintiff had to respond to the Nebraska Supreme Court's order has expired. As a result, it appears this court can no longer grant the relief Plaintiff requested in his Complaint and this case is moot. *See Bacon v. Neer*, 631 F.3d 875, 877 (8th Cir. 2011) ("[M]ootness relates to justiciability and [the court's] power to hear a case.").

To the extent the state judicial proceedings remain ongoing, this court must be mindful of its obligation to promote comity between state and federal judicial bodies. This court must "abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to

carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)). Regulating the legal profession in Nebraska is an important state interest. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (recognizing that states have an important obligation to regulate persons who are authorized to practice law); *Bailey v. Moyer*, No. 2:05CV556, 2005 WL 1490827, at *3 (S.D. Ohio June 23, 2005) ("Implicit in the regulation of the practice of law must be the regulation of those individuals who are not licensed to practice law but, nonetheless, endeavor to engage in the practice of law.").

To summarize, it appears the relief Plaintiff requested in his Complaint can no longer be granted, and the case is moot. However, to the extent state judicial proceedings remain ongoing, the court must be mindful of its obligation to abstain from exercising jurisdiction over claims that would interfere with the ongoing state court proceedings. As a precautionary measure, the court will provide Plaintiff with an opportunity to file an amended complaint. Plaintiff's amended complaint must be legible and allege facts that show the grounds for this court's jurisdiction. Specifically, Plaintiff must show that this case is not moot. Plaintiff must also specify whether judicial proceedings remain ongoing in the Nebraska Supreme Court.

IT IS THEREFORE ORDERED that:

1. Plaintiff must file an amended complaint within 30 days. The amended complaint must be legible and allege facts that show the grounds for this court's jurisdiction. Plaintiff must also specify in the amended complaint whether judicial proceedings remain ongoing in the Nebraska Supreme Court.

2. Plaintiff's failure to file an amended complaint in accordance with this Memorandum and Order will result in the court dismissing this case without further notice to Plaintiff.

3. The clerk of the court is directed to set the following pro se case management deadline: June 15, 2015: check for amended complaint.

DATED this 14th day of May, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.